MARY L. NELEN *vs.* JOHN F. NELEN *et al.*

JUNE 15, 1932.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

Rathbun, J. This is a bill for construction of the will of John F. Nelen, late of the city of Providence, deceased. The cause was certified to this court pursuant to Sec. 35, Chap. 339, G. L. 1923. The bill is brought by the widow of the testator, in her capacity of executrix and devisee under the will, against the two minor children of the complainant by her husband the testator. A guardian *ad litem* was appointed for the respondents. He joins in the prayer for construction.

During the lifetime of the testator and while the will was in his custody, a certain portion of the instrument, as originally executed, was eliminated therefrom by cutting. The will has been duly admitted to probate by the Probate Court of the City of Providence, and the time within which an appeal may be taken has expired. Our duty, therefore, is to construe the will and not to pass upon the question of its validity. As no copy of the will in its original condition could be found it is impossible to determine what the original language involved in the alteration was. The probate judge was evidently of the opinion that the mutilation was an act of the testator done not *animo revocandi* but with the deliberate intention of substituting in one clause one beneficiary for another. The evidence before us amply justifies such opinion. See 40 Cyc. p. 1196.

The language of the instrument occupied one page and a part of another. A portion—probably about two or three inches in length—was cut from the bottom of each page. The portion cut from the bottom of the first page evidently contained language descriptive of a gift and also the name of the beneficiary.

By the second clause the testator devised and bequeathed his entire estate to his wife during her widowhood and authorized her to sell his personal estate and reinvest the proceeds. Then the language to the bottom of the first page in its present form is as follows: "and upon the death or marriage of said wife, I give, devise and bequeath all my above said estate unto my children, living at the time of

my death, who shall attain the age of twenty-one years, to have and to hold the same to themselves, their heirs, executors, administrators and assigns forever in equal parts, share and share alike, but if no child of mine, living at my death, shall attain the age of twenty-one years, then, and in that case, I give, devise and bequeath all my aforesaid estate to."

Although it is established that the mutilation eliminated certain language from the will, the cutting was so skillfully done that a sentence commenced on the last line remaining at the bottom of the first page appears to be completed by the words at the top of the second page. The second page —omitting the formal parts—is as follows: "said wife, Mary L. Nelen, sole executrix of this my last will and testament, and I hereby direct that my said executrix be exempt from filing any bond or returning any inventory of my estate. Fourth. I hereby revoke any and all other and former wills by me made and declare this, and this only, to be my last will and testament."

At the bottom of the first page the language is—"I give, devise and bequeath all of my aforesaid estate to"—and at the top of the second page—"said wife, Mary L. Nelen, sole executrix of this my last will and testament."

Counsel for the widow contends that, as the testator deliberately altered his will for the purpose of making it effective in its present form, effect should be given to such intention by a construction that she takes the remainder in the event that neither child arrives at the age of twenty-one years.

We cannot agree with this contention. The testator, without complying with the Statute of Wills, apparently attempted to substitute one beneficiary for another. The effect is the same as if he had, after the will was executed, obliterated the name of a beneficiary and substituted the name of another in its place. At all events it is clear that the will does not express the intention of the testator as it existed at the time the will was executed. Such altera-

tions in a will cannot effectively be made except by a codicil executed with the formalities required by said statute.

The gift to the wife during widowhood and the gift to the children are separable from and independent of the language which has been altered. The rule stated in 40 Cyc. at p. 1097 is as follows: "Neither does an alteration affect the validity of the provisions not altered, but only those altered, where the two are separable and enforceable independently of each other."

Our determination is that the complainant in her individual capacity takes the entire estate during her widowhood, and upon her death or remarriage the two respondents take the remainder in equal shares provided they both attain the age of twenty-one years. If only one of them attains said age, that one takes the entire remainder. If neither of the two respondents attains the age of twenty-one years, the remainder is intestate estate.

On June 28, 1932, at 9 o'clock Eastern standard time, the parties may present to this court for approval a form of decree in accordance with this opinion to be entered in the Superior Court.

*Cooney & Cooney,* for complainant.
*Joseph J. Cunningham,* for respondents.